IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AMERICAN GENERAL LIFE          )
INSURANCE COMPANY,             )
                               )
          Plaintiff,           )
                               )
     v.                        )          1:19CV1064
                               )
JOHN ANTHONY SHAMBERGER, SR.,  )
SARAH JEANE PERSON, and        )
DONNELL PEARSON,               )
                               )
          Defendants.          )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff American General Life Insurance Company
("American General") initiated this interpleader action pursuant
to 28 U.S.C. § 1335, seeking a determination of the proper
beneficiary of a life insurance policy issued to Tyasha Person,
now deceased. Presently before this court are a motion to
dismiss Defendant Sarah Jeane Person ("Person") filed by
American General, (Doc. 8), an amended motion to deposit funds
and for dismissal filed by American General, (Doc. 27), a motion
to dismiss the Complaint filed by Defendant John Anthony
Shamberger, Sr. ("Shamberger"), (Doc. 31), and a motion to
strike filed by Shamberger, (Doc. 44). For the reasons that
follow, Shamberger's motion to dismiss will be granted, American

General's motion to deposit funds and for dismissal will be denied, American General's motion to dismiss Person will be denied, and Shamberger's motion to strike will be denied as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On September 8, 2008, American General issued a life insurance policy ("Policy") to Tyasha Person ("Decedent")[1] with $400,000 in coverage. (Compl. for Interpleader Relief ("Compl.") (Doc. 1) ¶ 7.)[2] Decedent designated her uncle, Shamberger, as 100% primary beneficiary, and her mother, Sarah Jeane Person, as 100% contingent beneficiary. (Id. ¶ 8.) On August 3, 2009, Decedent married Donnell Pearson ("Pearson"). (Id. ¶ 9.)

On April 22, 2019, American General received a Change of Beneficiary form related to the Policy requesting to change the primary beneficiary to Pearson. (Id. ¶ 11.) However, the form was missing the signature page. (Id. ¶ 12.) American General received an additional fax that day with paperwork titled "Name and Address Change." (Id. ¶ 14.) The paperwork sought to change

---

[1] Decedent's maiden name is "Person," and her married name is "Pearson." (Compl. (Doc. 1) ¶¶ 7, 9.)

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

-2-

Decedent's name to her married name, Tyasha Pearson, and designate a new address for Decedent. (Id.)

On May 8, 2019, Pearson reported Decedent's death to American General. (Id. ¶ 15.) The next day, American General received a completed Proof of Death Claimant's Statement from Pearson. (Id. ¶ 16.) On May 15, 2019, American General advised Pearson that the primary beneficiary under the Policy was Shamberger, and Person was the contingent beneficiary. (Id. ¶ 17.) On May 23, 2019, Pearson advised American General that he wished to pursue a claim under the Policy, noting that the "[b]eneficiary change form was faxed to [American General] on 4/22/19, however, a signature line was left blank . . . . This was [Decedent's] intention to have her husband as the beneficiary of this policy." (Id. ¶ 18 (internal quotation marks and emphasis omitted).)

Pearson retained counsel, who informed American General that Pearson was entitled to the entire benefit, either under a theory that Decedent signed the signature page on the Change of Beneficiary form, or alternatively that Decedent substantially complied in changing her beneficiary designation. (Id. ¶¶ 19, 22.) American General also sent Shamberger a letter advising him of his right to make a claim under the Policy. (Id. ¶ 20.)

-3-

In his Amended Verified Counterclaims, Shamberger alleges he contacted American General no later than August 16, 2019, and American General informed him he was the primary beneficiary under the Policy and would send Shamberger claim forms. (Am. Verified Countercls. (Doc. 28) ¶ 12.) Shamberger alleges he contacted American General several additional times for assistance and status updates on his claim. (Id. ¶¶ 13-17.) On October 2, 2019, American General informed Shamberger that Pearson had also submitted a claim under the Policy, and American General would contact Shamberger with an update within seventy-two hours. (Id. ¶ 17.) On October 9, 2019, Shamberger was again advised his claim was in review. (Id. ¶ 18.)

Subsequently, American General paid Pearson $166,740 plus interest, representing "his community property share of the Policy death benefit . . . for 83.38% of $200,000 . . . which equaled the amount of time Pearson was married to the Decedent starting on August 3, 2009, versus the amount of time the Policy was in force beginning September 8, 2008." (Compl. (Doc. 1) ¶ 26.) On October 17, 2019, Shamberger called American General, who advised him that his claim was still in review and did not inform Shamberger that American General had paid Pearson a portion of the Policy on October 15, 2019. (Am. Verified Countercls. (Doc. 28) ¶¶ 19-20.)

-4-

### B. Procedural Background

On October 17, 2019, American General filed its Complaint for Interpleader relief. (Compl. (Doc. 1).) On April 10, 2020, American General filed a Joint Motion to Dismiss Defendant Sarah Jeane Person. (Doc. 8.) This court took the motion under advisement because Shamberger and Pearson had not yet filed appearances in the case or answers, and because this court required additional information before dismissing Person since she is identified as a 100% contingent beneficiary in the Policy. (Text Order 04/15/2020.)

On July 22, 2020, Shamberger filed an Answer and Counterclaim. (Doc. 22.) American General filed its motion to deposit funds and for dismissal with prejudice. (Doc. 23.) American General requests this court order American General to deposit $233,260.00 plus interest (the remaining death benefit), dismiss American General from this litigation and determine that American General is "fully discharged from any further liability which in any manner may arise under or relate to the subject policy," and order that "Defendants are restrained and/or prohibited from instituting or prosecuting any proceeding . . . against [American General] related to or regarding" the Policy. (Id. at 3, 6.) Pearson also filed an Answer. (Doc. 24.)

-5-

On July 24, 2020, American General amended its motion to deposit funds and for dismissal to "acknowledge[] that Defendants have now answered Plaintiff's Complaint, and a counterclaim exists." (Doc. 27 at 3.)[3] Shamberger filed an Amended Answer and Counterclaims, (Doc. 28), and a response brief to American General's motion, (Doc. 33).[4] American General replied. (Doc. 40.)[5] Shamberger moved to strike American General's reply brief for failure to conform with the Local Rules in its amended motion to dismiss. (See Doc. 44; Doc. 45.) American General responded to Shamberger's motion to strike, (Doc. 48), and Shamberger replied, (Doc. 51).

On August 21, 2020, Shamberger filed a motion to dismiss American General's Complaint for lack of jurisdiction, (Doc. 31), and filed a brief in support of his motion, (Def. John Anthony Shamberger's Br. in Supp. of Mot. to Dismiss for

---

[3] Because American General has filed an amended motion to deposit funds and for dismissal, (Doc. 27), this court will dismiss as moot American General's original motion to deposit funds and for dismissal, (Doc. 23).

[4] Shamberger amended his brief to correct the policy number of the Policy. (Doc. 36.)

[5] American General filed an amended reply brief to include a certificate of compliance in accordance with Local Rule 7.3(d). (Doc. 43 at 11.)

Lack of Subject Matter Jurisdiction ("Def.'s Br.") (Doc. 32)).[6]
American General responded, (Pl. American General Life Insurance
Company's Br. in Opp'n to Def. John Anthony Shamberger's Am. Br.
in Supp. of Mot. to Dismiss for Lack of Subject Matter
Jurisdiction ("Pl.'s Resp.") (Doc. 41)),[7] and Shamberger replied,
(Def. John Anthony Shamberger's Reply to Pl. American General
Life Insurance Company's Br. in Opp'n to Def. John Anthony
Shamberger's Am. Br. in Supp. of Mot. to Dismiss for Lack of
Subject Matter Jurisdiction (Doc. 47)).

## II. STANDARD OF REVIEW

Federal district courts "are courts of limited subject
matter jurisdiction." United States ex rel. Vuyyuru v. Jadhav,
555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court
lacks subject matter jurisdiction over an action, the action
must be dismissed." Id. The lack of subject matter jurisdiction
is an issue that may be raised at any time. See Ellenburg v.
Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).
"If the court determines at any time that it lacks subject-
matter jurisdiction, the court must dismiss the action." Fed. R.

---

[6] Shamberger amended his brief to correct the policy number
of the Policy. (Doc. 35.)

[7] American General filed an amended response brief to
include a certificate of compliance in accordance with Local
Rule 7.3(d). (Doc. 42 at 17.)

Case 1:19-cv-01064-WO-LPA   Document 60   Filed 03/03/22   Page 7 of 21

Civ. P. 12(h)(3). When resolving a motion under Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

## III. ANALYSIS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

This court will first consider Shamberger's motion to dismiss for lack of subject matter jurisdiction. Federal district courts have original jurisdiction over a civil action for interpleader filed by any person or entity having in its custody or possession $500 or more if (1) "[t]wo or more adverse claimants, of diverse citizenship . . . are claiming . . . to be entitled to such money . . . arising by virtue of any . . . policy or other instrument"; and (2) "the plaintiff has deposited . . . the amount due under such obligation into the registry of the court." 28 U.S.C. § 1335(a)(1).

Shamberger argues American General's Complaint should be dismissed because American General failed to interplead the full amount of the Policy, $400,000. (Def.'s Br. (Doc. 32) at 9.) The Fourth Circuit has not considered whether an insurer's payment

-8-

of an amount less than that claimed by a defendant is sufficient under § 1335, but other circuits have. "As a general rule, when a sum of money is involved, a district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants." Metal Transp. Corp. v. Pac. Venture S.S. Corp., 288 F.2d 363, 365 (2d Cir. 1961) (affirming the district court's dismissal of § 1335 interpleader case where the plaintiff failed to deposit a portion of the funds claimed by the claimants); accord Acuity v. Rex, LLC, 929 F.3d 995, 998, 1000 (8th Cir. 2019) (affirming lack of subject matter jurisdiction where the plaintiff did not deposit the $21 million claimed by the defendants but instead only deposited $1 million).

In this case, the Policy unambiguously states that the primary beneficiary should be paid the face amount of the policy if the insured dies prior to the expiration of the policy. (Ex. K ("Policy") (Doc. 1-11) at 8.) Shamberger made American General aware he was pursuing a claim under the Policy. (Am. Verified Countercls. (Doc. 28) ¶¶ 12–18.) Even if Shamberger's allegations were not true, American General alleges it was aware that Shamberger was listed as the primary beneficiary under the Policy. (Compl. (Doc. 1) ¶¶ 8, 17.) American General was required to deposit $400,000—the value of the Policy—into the

-9-

registry of the court. § 1335(a)(1). American General did not do that, and instead seeks to "deposit the remaining life insurance benefit from the Policy, plus any earned interest due and owing," or $233,260 plus interest. (Doc. 27 at 3, 6.) Shamberger claims the entire $400,000 under the Policy. (Am. Verified Countercls. (Doc. 28) at 29.) Because American General does not seek to deposit the full amount of the Policy, this court does not have subject matter jurisdiction. Metal Transp., 288 F.2d at 365.

American General argues that "in a statutory interpleader there is no requirement that American General deposit the entire life insurance benefit from the Policy." (Pl.'s Resp. (Doc. 41) at 10.) However, in the cases relied on by American General in support of that argument, the claimants were not claiming the full amount of the policy, and the insurance company deposited the entire contested amount with the court. See Am. Gen. Life Ins. Co. v. Brothen, 829 F. Supp. 2d 1369, 1370–71 (N.D. Ga. 2011) (granting insurance company's motion for discharge where insurance company sought leave to deposit the contested proceeds of $25,000 of a $350,000 policy); State Farm Life Ins. Co. v. Littleton, NO. 7:20-CV-36-FL, 2020 WL 4432381, at *2 (E.D.N.C. July 31, 2020) ("[T]he jurisdictional requirements for statutory interpleader are met. Interpleader defendants are of diverse

citizenship and have submitted adverse claims to a portion of
the proceeds of term life insurance policy . . . . Interpleader
plaintiff has deposited those proceeds in the registry of this
court."). The facts of this case differ from those cases because
Shamberger has submitted adverse claims to the <u>entire</u> value of
the Policy, and American General has sought to deposit only a
portion of the $400,000. Accordingly, this court does not find
American General's arguments persuasive.

American General further argues that if this court finds it
lacks subject matter jurisdiction, it should allow American
General to amend its complaint and increase its deposit or post
bond, (Pl.'s Resp. (Doc. 41) at 13–15), and then dismiss
American General from this action and order that claimants are
prevented from suing American General for claims related to the
Policy, (<u>see</u> Doc. 27 at 6). This court disagrees for two
reasons.

First, this court finds American General has usurped this
court's role in statutory interpleader cases. A statutory
interpleader case normally proceeds in a two-step process.
"During the first stage, courts determine whether the action is
appropriate and whether the stakeholder is entitled to bring the
action. During the second stage, courts determine the rights of
the competing claimants to the property or fund." <u>In re Paysage</u>

-11-

*Bords De Seine, 1879 Unsigned Oil Painting on Linen by Pierre-Auguste Renoir*, 991 F. Supp. 2d 740, 743 (E.D. Va. 2014). By determining that Texas law applied to the Policy and further determining Pearson was entitled to a portion of the Policy despite American General's awareness of Shamberger's competing claim, (Compl. (Doc. 1) ¶¶ 8, 17, 26), American General has attempted to determine the rights of Shamberger and Pearson to the Policy, a determination reserved for this court.

Additionally, this court finds equitable concerns prevent the use of interpleader. If this court were to allow American General to pay the full $400,000 in an interpleader action and then dismiss American General, not only would Pearson receive a windfall if he is in fact not entitled to the insurance proceeds American General has already paid him, but such a ruling would allow American General to have made a payment to Pearson and thereby favor one claimant over the other claimants, arguably financially supporting his expenses in making a claim. This court finds that outcome inequitable.

This court is persuaded by a decision by another court in this district in a Rule 22 interpleader action. *See Ernst v. N. Am. Co. for Life & Health Ins.*, 245 F. Supp. 3d 680 (M.D.N.C. 2017). In *Ernst*, two claimants sought to claim annuity proceeds related to a life insurance policy. *Id.* at 684. Despite

-12-

competing claims to the policy, the insurance company paid the proceeds to one of the claimants. Id. The court, in rejecting the insurance company's attempt to interplead, reasoned "[t]he crucial difference between this case and an interpleader action is that in an interpleader action the stakeholder has not yet paid either of the claimants. Here the money has already been paid out. [The stakeholder] is therefore too late to file an interpleader action." Id. at 691 (internal quotation marks omitted) (quoting Taylor v. Kemper Fin. Servs. Co., No. 98 C 0929, 1999 WL 782027, at *4 (N.D. Ill. Sept. 27, 1999)).

Similarly, in this case there are competing claims to $400,000 related to the Policy. American General has paid a portion of that amount to one of the claimants, Pearson. (Compl. (Doc. 1) ¶ 26.) Therefore, it is too late for American General to file an interpleader action.

Although American General is a disinterested party in the sense it makes no claim to the funds it seeks to deposit, see Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L., 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010) ("District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested—i.e., makes no claim to the res—and, if so, discharge it from liability and dismiss it from the action."), allowing American General to

-13-

deposit $400,000 and then be dismissed is inappropriate due to the undue prejudice to Shamberger and the fact American General has paid part of the disputed funds to Pearson. For the foregoing reasons, this court will grant Shamberger's motion to dismiss for lack of subject matter jurisdiction. Shamberger's counterclaims are addressed <u>infra</u>, Part III.C.

## B. **Motion to Deposit Funds and for Dismissal**

Also pending before this court is American General's amended motion to deposit funds and for dismissal. (Doc. 27.) For the reasons set forth above, interpleader is inappropriate, and this court's lack of jurisdiction cannot be remedied by American General depositing the face value of the Policy, $400,000, with the registry of court. Accordingly, this court will deny American General's motion.[8]

## C. **Shamberger's Counterclaims**

This court finds it has the authority to exercise jurisdiction over Shamberger's counterclaims even after dismissal of American General's Complaint for lack of jurisdiction. The Fourth Circuit has "recognize[d] that it is the usual rule that a district court may exercise jurisdiction

---

[8] Shamberger has filed a motion to strike American General's reply brief to its motion to deposit funds and for dismissal, (Doc. 44). Because this court is denying American General's motion, Shamberger's motion to strike will be denied as moot.

over a compulsory counterclaim after the original claim has been dismissed for lack of jurisdiction if the counterclaim has an independent basis for jurisdiction." <u>Columbia Gas Transmission Corp. v. Drain</u>, 191 F.3d 552, 559 (4th Cir. 1999). No party has challenged whether Shamberger's counterclaims are compulsory, and that issue is not presently before this court. Shamberger alleges diversity of citizenship jurisdiction for his counterclaims because Shamberger is a citizen of North Carolina, American General is organized in Texas and its principal place of business is in Texas, and Shamberger seeks damages of more than $75,000. (Am. Verified Countercls. (Doc. 28) ¶¶ 1—4.)

However, jurisdiction over Shamberger's counterclaims is not mandated despite diversity of citizenship existing between American General and Shamberger. <u>See</u> <u>Travelers Prop. Cas. Co. of Am. V. M.B. Kahn Constr. Co.</u>, C/A No. 3:20-cv-01304-SAL, 2021 WL 1177861, at *26 (D.S.C. Mar. 29, 2021) ("As evident from the use of the terms 'may' and 'if,' it is both a discretionary and conditional rule. . . . If an independent jurisdictional basis, such as diversity, exists to support the counterclaim, the court <u>may</u> exercise jurisdiction and proceed with the counterclaim."). In <u>Drain</u>, the plaintiff filed suit in federal court based on federal question jurisdiction, and the defendant filed a motion to dismiss for lack of subject matter jurisdiction and a

-15-

compulsory counterclaim. 191 F.3d at 554, 559. The district court denied the motion to dismiss, allowed the case to proceed, and entered judgment in favor of plaintiff. Id. On appeal, the Fourth Circuit held the district court did not have subject matter jurisdiction over the plaintiff's claims and—despite an independent jurisdictional basis for the defendant's counterclaims—directed the district court to dismiss the counterclaims without prejudice. Id. at 555–60. The Fourth Circuit recognized that although the district court could retain jurisdiction,

> [w]e are not aware of any case in which the district court retained jurisdiction over such a compulsory counterclaim where the plaintiffs in counterclaim [i.e., the defendants] have disputed the jurisdiction of the federal forum all along the way, and where the merits of the counterclaim are inextricably intertwined with the merits of a federal defense to the plaintiff's non-federal claim.
>
> . . . .
>
> . . . To force [counterclaimant], by virtue of her counterclaims that the federal rules of procedure compelled her to bring our risk forfeiting to remain in federal court after the original complaint has been dismissed for want of jurisdiction would be to subvert the very notions of judicial economy and fairness to the litigants that underlie this rule of procedure.

Id. at 559 (internal citations omitted). Like the defendants in Drain, Shamberger has "disputed the jurisdiction of the federal

forum," id., by filing a motion to dismiss for lack of subject matter jurisdiction.

As a result of these findings, this court recognizes that its decision to dismiss the interpleader action leaves this case in an awkward procedural posture. It appears to this court that Pearson, as a claimant to the life insurance proceeds, was a necessary party to the interpleader action and was properly joined pursuant to Federal Rule of Civil Procedure 19(a). That interpleader action has now been dismissed because of the conduct by American General in paying out part of the proceeds before filing the interpleader action. The counterclaims filed by Shamberger are now the operative claims in this case, but those claims do not presently involve Pearson; Shamberger has sued American General and alleges an independent basis for jurisdiction—diversity—because his counterclaims are against American General only.

However, Pearson has filed an answer to the Complaint and claims the remaining proceeds of the insurance policy at issue. (Doc. 24 at 6.) In light of the dismissal of the interpleader action for lack of jurisdiction, this court is concerned that multiple cases might be filed involving the same operative facts, and that American General could be subject to multiple, inconsistent judgments. Nevertheless, Pearson's answer is no

longer procedurally joined to a complaint. Pearson has been served with process and filed an answer. As a result of these actions, it appears Pearson has consented to personal jurisdiction in this court for purposes of this case.

In view of this unusual procedural posture, this court will order the parties to proceed in the following fashion. These procedural steps are without waiving any objection to the court's opinion and order with respect to Shamberger's motion to dismiss. First, this court will stay this case for thirty days. Within that thirty-day period, the parties shall confer and file a notice with this court outlining how, procedurally, this case should proceed. The parties should discuss whether this court should exercise its discretion and retain jurisdiction over Shamberger's counterclaims or dismiss the counterclaims. If the parties believe this court should retain jurisdiction, the parties should explain in their notice whether any claims or answers should be amended. Additionally, the parties should discuss Pearson's role in these proceedings and whether he should file a motion to intervene given he is not a party to the claim between Shamberger and American General, and further determine whether this court can and should retain jurisdiction depending on Pearson's involvement in these proceedings—namely,

-18-

whether this court will continue to have jurisdiction under
diversity of citizenship.

If the parties are unable to agree as to how this case
should proceed, then the parties shall file individual motions
setting out their respective positions and the manner in which
the case should proceed. No responses will be permitted;
following review, the court will direct the parties as to any
subsequent procedure.

### D. **Motion to Dismiss Person**

Finally, this court considers the motion to dismiss Person,
(Doc. 8), which this court took under advisement, (Text Order
04/15/2020). Subsequent to this court taking the motion under
advisement, American General argued Person should be dismissed
because "[t]his matter concerns the competing claims of
[Shamberger] and [Pearson] as primary beneficiaries to the life
insurance policy[.] . . . They are both living, represented by
counsel, and claim entitlement to some or all of the remaining
life insurance death benefit from [the Policy]." (Doc. 19 at 1.)

American General cites no case in support of dismissing
Person, and this court has found no case supporting such action.
Indeed, in many interpleader actions where there is a contingent
beneficiary, that contingent beneficiary is a party to the
action. See, e.g., Life Ins. Co. of Va. v. Cashett, 206 F. Supp.

410, 410–11 (E.D. Va. 1962); <u>Castro Convertible Corp. v. Castro</u>, 596 F.2d 123, 123–24 (5th Cir. 1979). Additionally, as noted in American General's Complaint, "contingent beneficiary Person may have a claim if Shamberger disclaims his interest." (Compl. (Doc. 1) ¶ 29.) Although it is unlikely Shamberger will disclaim his interest in the Policy given his involvement in the suit thus far, this court cannot discount Person's contingent interest in the Policy. Accordingly, this court will deny the motion to dismiss Person.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this court will grant Shamberger's motion to dismiss for lack of subject matter jurisdiction, (Doc. 31), deny American General's motion to deposit funds and for dismissal, (Doc. 27), deny American General's motion to dismiss Person, (Doc. 8), and deny as moot Shamberger's motion to strike, (Doc. 44).

**IT IS THEREFORE ORDERED** that Shamberger's Motion to Dismiss American General Life Insurance Company's Complaint for Interpleader Relief for Lack of Subject Matter Jurisdiction, (Doc. 31), is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **STAYED** for thirty (30) days. Within that thirty-day period, the parties shall confer and file a notice with this court outlining (1) how,

-20-

procedurally, this case should proceed; (2) whether any claims or answers should be amended; and (3) Pearson's role in these proceedings. If the parties are unable to agree as to how this case should proceed, then the parties shall file individual motions setting out their respective positions and the manner in which the case should proceed. No responses will be permitted; following review, the court will direct the parties as to any subsequent procedure.

**IT IS FURTHER ORDERED** that American General's Motion to Deposit Life Insurance Death Benefit and for Dismissal, (Doc. 23), is **DENIED** as moot.

**IT IS FURTHER ORDERED** American General's Amended Motion to Deposit Life Insurance Death Benefit and for Dismissal, (Doc. 27), is **DENIED.**

**IT IS FURTHER ORDERED** that American General's Joint Motion to Dismiss Defendant Sarah Jeane Person Without Prejudice, (Doc. 8), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Shamberger's Motion to Strike, (Doc. 44), is **DENIED** as moot.

This the 3rd day of March, 2022.

_William L. Osteen, Jr._
United States District Judge

-21-